IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MILTON THOMAS ANDERSON**                                            **PLAINTIFF**

**VERSUS**                       **CIVIL ACTION NO.   1:11-cv-67-HSO-JMR**

**JACKSON COUNTY,**
**KEN BROADUS**
**and JOHN DOES 1-6**                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT**

Before the Court is Plaintiff's Response [15] filed May 5, 2011, to the Court's Order [11] entered on April 19, 2011.  Plaintiff filed the instant Complaint [1] on February 22, 2011, pursuant to 42 U.S.C. § 1983, against Defendants Jackson County, Ken Broadus and John Does 1-6 while he was incarcerated.[1]  As relief, Plaintiff is seeking "punitive damage compensation."  Compl. [1] p. 6.  Having further screened Plaintiff's Complaint [1], and Response [15] filed May 5, 2011,  pursuant to 28 U.S.C. § 1915A, the Court has made the following determinations.

I.  BACKGROUND

Plaintiff complains that on February 10, 2011, "a random shakedown" was conducted at the Jackson County Adult Detention Center.  Compl. [1] p. 6.  As a result of this shakedown, Plaintiff states that "legal materials, legal documents, research are . . .  missing" because they were thrown in the trash.  *Id.*  According to his Response [15], Plaintiff did not miss any deadlines or have any cases dismissed because the legal materials, documents, and research were thrown away.

---

[1]According to his notice of change of address [14] filed May 5, 2011, Plaintiff is no longer incarcerated.

Additionally, he claims that Defendant Broadus allowed his staff to throw Plaintiff's legal materials, legal documents, and research papers in the garbage. Resp. [15] p. 2. Finally, Plaintiff's Response [15] indicates that Defendant Jackson County does not have a policy concerning the destruction of an inmate's property or access to the courts. Plaintiff simply asserts that the policy in place provides that Defendant Broadus and his staff, as employees of Defendant Jackson County, "are not to open, read, or take legal materials, documents, or research that come [from an] attorney or courts . . . or even in your p[ossession]." Resp. [15] p. 3.

## II. ANALYSIS

The provisions of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997, *et seq.*, apply to this civil action since Plaintiff was incarcerated at the time he initiated this case. *See Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004)(holding that the "status of the plaintiff at the time he files suit" will determine if he is a prisoner within the meaning of the PLRA). Pursuant to 28 U.S.C. § 1915A(a), this Court is required to conduct an initial screening of a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss a complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In addition, because Plaintiff was granted *in forma pauperis* status, section 1915(e)(2) applies to this case. As discussed below, Plaintiff's section 1983 action should be dismissed for failure to state a claim and as frivolous.

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and that the person depriving Plaintiff of this right acted under color of state law. *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). As discussed below, Plaintiff's claims that his legal materials were discarded and that he was denied access to the courts do not rise to the level of a constitutional deprivation.

When property is wrongfully taken by prison officials as a result of random and unauthorized acts, the claim of property deprivation is governed by the *Parratt/Hudson* doctrine. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). It is well settled that intentional deprivations of property by state officials do not violate the Due Process Clause of the Fourteenth Amendment if adequate post-deprivation remedies exist. *Hudson*, 468 U.S. at 536. This holds equally true for claims of negligent deprivation. *Daniels*, 474 U.S. at 328; *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). State law may provide an adequate post-deprivation remedy. *Hudson*, 468 U.S. at 531; *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984).

Mississippi law affords at least two post-seizure remedies, including actions for conversion and claim and delivery. Miss. Code Ann. § 11-38-1 (claim and delivery); *Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss. 2004)(stating the elements for a conversion claim). Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Because the State of Mississippi affords Plaintiff an adequate post-deprivation remedy for the alleged

3

deprivation of his property, no due process violation has occurred. Therefore, Plaintiff has failed to state a violation of a constitutional right as required to maintain this claim pursuant to 42 U.S.C. § 1983.

Having liberally construed Plaintiff's allegations, the Court finds that he includes other inmates whom have allegedly had their legal materials destroyed. Compl. [1]. Plaintiff has no standing to bring an action pursuant to 42 U.S.C. § 1983 on behalf of others. *Coon v. Ledbetter*, 780 F. 2d 1158, 1160 (5th Cir. 1986) (stating that the constitutional rights of other inmates are personal in nature and therefore, plaintiff cannot maintain a complaint on behalf of his fellow inmates). As such, this claim will be dismissed as frivolous.[2]

As for Plaintiff's claim that he was denied assess to the courts because his legal documents were destroyed, this Court finds that said claim does not rise to the level of a constitutional deprivation. Even though prisoners clearly have a constitutionally protected right of access to the courts, a prisoner must "demonstrate an actual injury stemming from defendants' unconstitutional conduct." *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996) (citing *Bounds v. Smith*, 430 U.S. 817(1977); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999)); *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that "without proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim"). In his Response [15], Plaintiff states that he did not have any cases dismissed or miss any

---

[2]A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

deadlines because his legal materials were destroyed. Because Plaintiff has not established that he suffered an actual injury as a result of having his legal materials destroyed, this claim must be dismissed for failure to state a claim. *See McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)(holding that the plaintiff "must establish that his position as a litigant was prejudiced by his denial of access to the courts").

With respect to Plaintiff's municipal policy claim against Jackson County, in order to maintain a section 1983 action against a county, Plaintiff must establish that the county caused "the constitutional violation at issue" pursuant to a policy or custom. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-04 (1997). Plaintiff was given an opportunity to demonstrate that Defendant Jackson County violated his constitutional rights as a result of a policy or custom. In his Response [15], Plaintiff did not assert any claim against Defendant Jackson County that is a constitutional violation. According to Plaintiff, the policy of Defendant Jackson County is that the prison officials were **not** to open, read, or take legal materials, documents, or research. Resp. [15] at p. 3. (emphasis added). Further, Plaintiff contends that Defendant Jackson County is responsible for the actions of Defendant Broadus and his staff. Since this Complaint [1] is brought pursuant to section 1983, Defendant Jackson County cannot be held liable for the actions of an employee under a respondeat superior theory of liability. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). Hence, this claim should be dismissed for failure to state a claim.

### III.  CONCLUSION

As discussed above, Plaintiff fails to present an arguable constitutional claim against these Defendants.  Consequently, this case will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(i) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii).

This the 4th day of October, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE